Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **NORTH AMERICAN** | § | |
| **SEALING SOLUTIONS, LLC,** | § | **CASE NO. 25-41374-elm** |
| | § | **Chapter 11** |
| **Debtor.** | § | |

## DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION

COMES NOW North American Sealing Solutions, Inc. ("Debtor"), the Debtor in the above-styled and numbered case, and files this its Second Amended Plan of Reorganization (the "Plan").

The sources and uses of income to fund the Plan are described in more detail in the Disclosure Statement accompanying this Plan. Periodic financial reports will be filed with the Court, as required by the Bankruptcy Code, covering the profitability, projections of cash receipts and disbursements for a reasonable period. These reports shall be available on the Court's PACER site using the Debtor's name and/or case number as referenced above or can be also obtained from Debtor's counsel by written request.

# **TABLE OF CONTENTS**

ARTICLE I - DEFINITIONS AND USE OF TERMS ................................................................ 3

ARTICLE II - CONCEPT OF THE PLAN ...................................................................... 7

ARTICLE III - GENERAL TERMS AND CONDITIONS .......................................................... 7

ARTICLE IV - DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS...................... 7

ARTICLE V- PROVISIONS FOR SATISFACTION OF CLAIMS AND INTERESTS.............. 8

ARTICLE VI - IMPLEMENTATION OF PLAN ........................................................ 15

ARTICLE VII - TREATMENT OF EXECUTORY CONTRACTS
        AND UNEXPIRED LEASES ........................................................ 15

ARTICLE VIII - ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS ........ 16

ARTICLE IX - EFFECT OF CONFIRMATION ........................................................ 17

ARTICLE X - MISCELLANEOUS PROVISIONS.................................................... 18

ARTICLE XI - MODIFICATION OF THE PLAN .................................................... 19

ARTICLE XII - RETENTION OF JURISDICTION ................................................. 20

# ARTICLE I.  DEFINITIONS

Except as expressly provided herein or unless the context otherwise requires, the terms set forth in this Article II shall have the following meanings when used in initially capitalized form in this Plan. Any term used in initially capitalized form that is not defined herein, but that is defined in the Bankruptcy Code, shall have the meaning assigned to such term in the Bankruptcy Code. Such meanings shall be equally applicable to both the singular and plural forms of such terms.

"**Administrative Expense Claim**" means an administrative expense or claim described in Bankruptcy Code §503 and entitled to administrative priority pursuant to Bankruptcy Code §507(a)(1), including, but not limited to, Fee Claims.

"**Allowed Amount**" means the amount of any Allowed Claim.

"**Allowed Claim**" means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that: (i) a Proof of Claim or request for payment was timely filed, or, with leave of the Bankruptcy Court, late filed, and as to which no objection has been timely filed with the Bankruptcy Court, or, if filed, is allowed by a Final Order, unless otherwise provided in this Plan; (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and no objection has been timely filed or, if filed, is allowed by a Final Order; or (iii) with respect to an Administrative Expense Claim or Fee Claim, the Administrative Expense Claim or Fee Claim has been approved by a Final Order upon notice and application to the Bankruptcy Court.

"**Assets**" means property of the Estate.

"**Avoidance Actions**" means any and all rights, claims, and causes of action which a trustee, Debtor, or other appropriate party in interest would be able to assert on behalf of the Estate under applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542-551, and 553.

"**Bankruptcy Case**" or "**Case**" means this Case No. 25-41374 pending before the Bankruptcy Court.

"**Bankruptcy Code**" or "**Code**" means the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

"**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, or other such court that may have jurisdiction with respect to the reorganization of the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

"**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as amended, and "**Bankruptcy Rule**" refers to a specific rule therein.

"**Bar Date**" means August 19, 2025, the deadline established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3), after which any Proof of Claim may not be timely filed, except Claims held by governmental agencies.

"**Business Day**" shall mean any day that is not a Saturday, Sunday, or one of the legal holidays listed in Bankruptcy Rule 9006(a).

"**Causes of Action**" means any action, cause of action, suit, account, controversy, agreement, promise, right to legal remedies, right to equitable remedies, right to payment, and Claim, whether known or unknown, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, unsecured and whether asserted or assertable directly or indirectly or derivatively, in law, equity or otherwise, including (a) Avoidance Actions; (b) any claims identified in the Debtor's Schedules or the Disclosure Statement; (c) claims against general contractors and subcontractors (d) claims against lenders; (e) claims for fraud, negligence, gross negligence, willful misconduct, or any tort actions, (f) violations of applicable corporate or partnership laws, (g) breaches of fiduciary or agency duties, (h) causes of action based on alter ego or other liability theories; (i) based on any other claim of the Debtor, to the extent not specifically compromised or released pursuant to the Plan or an agreement referred to, or incorporated into, the Plan or Final Order entered after notice and opportunity for hearing; (j) claims under any prepetition insurance policy of the Debtor; (k) claims against the officers, managers and directors of the Debtor including any claims under any directors and officers insurance policies; (l) any claims of the Debtor for equitable subordination under § 510(c) or under other applicable laws; (m) any claim of the Debtor to recharacterize one or more Claims as Interests; and (n) any unresolved objection to any Disputed Claim.

"**Claim**" shall have the meaning set forth in Bankruptcy Code § 101(5).

"**Claimant**" or "**Creditor**" means the holder of a Claim or interest in the Assets.

"**Class**" means any class into which Claims are classified pursuant to Article VI of the Plan. Each subclass of a class shall be treated as a separate class.

"**Collateral**" means any Assets of the Debtor subject to a valid Lien held by a Secured Creditor.

"**Confirmation**" means the Bankruptcy Court's entry of the Confirmation Order.

"**Confirmation Date**" means the date on which the Order confirming this Plan is entered.

"**Confirmation Hearing**" means the hearing or hearings held before the Bankruptcy Court in which the Debtor will seek Confirmation of this Plan.

"**Confirmation Order**" means the Order confirming this Plan.

"**Contested**" when used with respect to a Claim, means a Claim against the Debtor: (i) that is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent, or unliquidated; (ii) that is listed in the Debtor's Schedules of Assets and Liabilities as undisputed, liquidated, and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled amount; (iii) that is the subject of a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (iv) as to which an objection has been or may be timely filed and has not been denied

by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

"**Debtor**" means North American Sealing Solutions, LLC, the Debtor herein. Where the context so requires, "**Debtor**" shall also include the Reorganized Debtor after Confirmation of the Plan.

"**Disclosure Statement**" means the Disclosure Statement for this Plan, together with any supplements, amendments, or modifications thereto.

"**Disputed**" with respect to a Claim means either: (i) a Claim which has been objected to by the Debtor; or (ii) a Claim that is listed on the Debtor's bankruptcy schedules as "disputed, contingent or unliquidated" and for which such Creditor or Interest holder has not filed a Proof of Claim.

"**Effective Date**" means the 30th day after the Confirmation Date.

"**Estate**" means the bankruptcy estate of the Debtor in this Case.

"**Fee Claim**" means a Claim under Bankruptcy Code §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in this Bankruptcy Case.

"**Fee Application**" means an application filed with the Bankruptcy Court for allowance of a Fee Claim.

"**Final Order**" means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

"**Impaired**" means the treatment of an Allowed Claim or Interest pursuant to the Plan unless, with respect to such Claim or Interest, either: (i) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in § 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or (iii) the Plan provides that on the Effective Date, the holder of such Claim or Interest receives, on account of such Claim or Interest, cash equal to the Allowed Amount of such Claim or Interest.

"**Insider**" has the meaning provided by § 101(31) of the Bankruptcy Code.

"**Interest**" means any equity or ownership interest in the Debtor.

"**Lien**" means any charge against or interest in property to secure payment of debt or performance of an obligation and includes a judicial lien, security interest, and deed of trust, mortgage and property tax lien.

"**Order**" means an Order of the Bankruptcy Court.

"**Petition Date**" means April 18, 2025, the date on which an Order for Relief was entered by the Court.

"**Plan**" means this Second Amended Plan of Reorganization, including any amendments, modifications or corrections made thereto pursuant to the Bankruptcy Code.

"**Plan Proponent**" means the Debtor.

"**Priority Tax Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

"**Priority Wage Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(4)(A).

"**Proof of Claim**" means a written statement setting forth a Creditor's Claim filed in this Case and conforming substantially to the appropriate official form.

"**Pro Rata**" means the allocated share of a pool of funds to an Allowed Claim based on the amount of the Claim in relation to the sum of all other Claims in the relevant Class.

"**Schedules and Statements**" means and refers to each of the Debtor' bankruptcy schedules A/B, D-H and Statement of Financial Affairs.

"**Secured Claim**" means a Claim that is secured within the meaning of Bankruptcy Code § 506(a). Should the value of the collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the collateral and an Unsecured Claim for the remainder.

"**Taxes**" means and includes all federal, state, county and local income, ad valorem, excise, stamp and other taxes of any type or nature whatsoever.

"**Tax Claims**" mean any and all Secured or Priority Claims of any Entity for the payment of any Taxes (a) accorded a priority pursuant to §507(a)(8) of the Code (but excluding all Claims for post-petition interest and pre-petition and post-petition penalties all of which interest and penalties, pre-confirmation and post-confirmation, shall be (i) deemed disallowed and (ii) fully discharged on the Confirmation Date), or (b) secured by valid Liens on assets of the Debtor existing on the Confirmation Date (but excluding all Claims for post-petition interest and pre-petition and post-petition penalties, all of which interest and penalties shall be (i) deemed disallowed and (ii) discharged on the Confirmation Date). Additionally, all Liens securing Tax Claims shall be deemed and legally treated as released, voided and discharged on the Confirmation Date.

"**Unsecured Claim**" means any Claim that is not a Secured Claim or an Administrative Expense Claim and that is not entitled to priority treatment under Bankruptcy Code § 507.

## ARTICLE II
## CONCEPT OF THE PLAN

**2.01** The Plan is a Plan of Reorganization. The Debtor will continue its business after Confirmation of this Plan. The Debtor is a parts manufacturer and distributor specializing in the oil and gas industry. Under the Plan the Debtor will make monthly installment payments to all Allowed Claimants. Allowed Secured Claimants will be paid in full. Allowed Unsecured Claimants will receive a Pro Rata share of $5,000.00 per month to be contributed by the Debtor.

## ARTICLE III
## GENERAL TERMS AND CONDITIONS

**3.01** **Treatment of Claims**. This Plan is intended to resolve all Claims against the Debtor and/or property of the Debtor of whatever character, whether contingent or liquidated, or whether allowed by the Bankruptcy Court pursuant to Bankruptcy Code Section 502(a). However, only Allowed Claims will receive payments under the Plan. The Plan is designed to ensure that Claimants shall receive at least as much pursuant to this Plan as they would receive in a liquidation pursuant to Chapter 7 of the Bankruptcy Code.

**3.02** **Time for Filing Claims**. The holder of any Administrative Claim other than (i) a Fee Claim, (ii) a liability incurred and paid in the ordinary course of business by the Debtor, or (iii) an Allowed Administrative Claim, must file with the Bankruptcy Court and serve on the Debtor and its respective counsel, notice of such Administrative Claim within thirty (30) days after the Effective Date. At a minimum, such notice must identify (i) the name of the holder of such Claim, (ii) the amount of such Claim, and (iii) the basis of such Claim. Failure to file this notice timely and properly shall result in the Administrative Claim being forever barred and discharged.

## ARTICLE IV
## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

Claims against the Debtor, excluding Administrative Expense Claims and Priority Claims. are divided into the following Classes:

Class 1 Claims: Allowed Secured Claim of Tarrant County.

Class 2 Claims: Allowed Secured Claim of U.S. Small Business Administration.

Class 3 Claim: Allowed Secured Claim of Internal Revenue Service.

Class 4: Allowed Secured Claim of Texas Workforce Commission.

Class 5: Allowed Secured Claims of Intech Funding Corp.

Class 6: Allowed Secured Claims of U.S. Bank N.A. d/b/a U.S. Bank Equipment Finance.

Class 7: Allowed Secured Claim of Highland Capital Corporation.

Class 8: Allowed Secured Claim of First Bank of the Lake.

Class 9: Allowed Secured Claims of Wells Fargo Equipment Finance, Inc.

Class 10 Claim: Allowed Secured Claim of BMO Bank N.A.

Class 11 Claim: Allowed Secured Claim of Old National Equipment Finance.

Class 12 Claim: Allowed Secured Claim of Financial Services.

Class 13 Claim: Allowed Secured Claim of Toyota Commercial Finance.

Class 14 Claims: Allowed Unsecured Claims.

Class 15: Equity Interests.

## ARTICLE V
## PROVISIONS FOR SATISFACTION OF CLAIMS AND INTERESTS

**A. *NON-CLASSIFIED CLAIMS.*** The following Claims are not classified, pursuant to Bankruptcy Code Section 1123:

**Treatment of Administrative Claims**.  Each holder of an Administrative Claim other than Professional Fee Administrative Claims and the DIP Loans shall receive, in full satisfaction, settlement, release, and discharge of, and in exchange for, such Allowed Administrative Claim, (i) Cash equal to the unpaid portion of such Allowed Administrative Claim or (ii) such other treatment as to which the Debtor and such holder shall have agreed upon in writing; provided, however, that Allowed Administrative Claims with respect to liabilities incurred by the Debtor in the ordinary course of business during the Bankruptcy Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto.  On or before the Effective Date, the Debtor or Reorganized Debtor shall pay or have paid in full all Allowed Administrative Claims.   All Allowed Administrative Claims shall be paid by the Reorganized Debtor when they are due until the Bankruptcy Case is closed pursuant to a final decree, order of dismissal, or order of conversion.  Until entry of such an order, the Reorganized Debtor shall file with the Bankruptcy Court and serve upon the United States Trustee a quarterly financial report. Any administrative ad valorem tax claims shall be paid pursuant to otherwise applicable state law. The Allowed Administrative Claims of State Bank of Texas shall be paid in accordance with the terms of their borrowings which have been approved by the Court.

**Treatment of Professional Fee Administrative Claims.**  All persons who are awarded compensation or reimbursement of expenses by the Bankruptcy Court in accordance with sections 330 or 331 of the Bankruptcy Code or entitled to the priorities established pursuant to sections 503(b)(2), 503(b)(3), 503(b)(4), or 503(b)(5) of the Bankruptcy Code, shall be paid in full, in Cash, the amounts allowed by the Bankruptcy Court on the later of ten (10) days after the Effective Date or the date on which the order allowing such Claim becomes a Final Order.

**Treatment of Priority Tax Claims.** Priority Tax Claims were filed by the Internal Revenue Service and the Texas Comptroller of Public Accounts (both of whom also filed Secured Claims which are classified and treated below). These Claims will be paid as follows:

Internal Revenue Service - paid in full in equal monthly installments of principal with interest thereon at the rate of 7% compounded daily per 26 U.S.C.§ 6622, commencing on the Effective Date and continuing until the expiration of 60 months from the Petition Date. This Claim shall be allowed in the amount of $4,881.54.

Texas Comptroller - paid in full in equal monthly installments of principal with interest thereon at the rate of 8.5% per annum, commencing on the Effective Date and continuing until the expiration of 60 months from the Petition Date. See specific provisions along with the provisions for Class 4.

**Title 28 U.S.C. Section 1930 Fees.** The Reorganized Debtor shall pay all post-Confirmation fees assessed by the Office of the United States Trustee until this Case is closed by the Court or the Reorganized Debtor is otherwise released from such obligations by the Court.

**B. _CLASSIFIED CLAIMS._** The following Claims are classified pursuant to Bankruptcy Code Section 1123, and are treated as follows:

**Treatment of Classified Claims and Interests Under the Plan**

**General Provisions Regarding Treatment of Claims.**

All Allowed Secured Claimants shall retain all their liens on any Collateral securing their Claims.

No Claimant shall be entitled to a pre-payment penalty if their Claim is paid early.

Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and an Unsecured Claim for the remainder.

Should the Collateral for a Secured Claim be sold during the term of this Plan, the Secured Claim will be paid in full at the closing of the sale.

Claims filed by Creditors asserting a different type or character of Claim than as scheduled by the Debtor (e.g., secured v. unsecured, priority v. non-priority) are classified herein as asserted by the Creditor's Proof of Claim. However, by classifying a Claim in any Class, the Debtor does not concede that the Claim will be Allowed in that Class, and the Debtor reserves the right to object to any Claim.

Should the Debtor default on any payment under the Plan and fail to timely cure the default according to the Plan, the Debtor shall file and serve a notice of the default on all creditors in this Case.

**Class 1: Allowed Secured Claim of Tarrant County.** This Claim shall be paid in full on the Effective Date, with interest thereon at the rate of 12% per annum from the Petition Date. This Claim is not Impaired and the holder is not entitled to vote to accept or reject the Plan.

**Class 2: Allowed Secured Claim of U.S. Small Business Administration.** This SBA has an Allowed Secured Claim in the amount of $1,350,533.51 (or such other amount as determined by the Court or agreement of the parties) and shall be amortized over 240 months and paid in monthly installments of $7,638.70 for the first 60 months of the Plan and then increased to $12,638.70 starting in month 61 when the unsecured claims are paid off until the entire amount of the SBA Allowed Secured Claim is paid in full. The claim shall bear interest at the rate of 3.75% per annum. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. The balance of the SBA claim against the Debtor shall be treated in Class 14. Sections 9.04 and 9.05 of this Plan shall not apply to the Allowed Claims of the SBA.

**Class 3: Allowed Secured Claim of Internal Revenue Service ("IRS").**

The IRS has an Allowed Secured Claim against the Debtor in the amount of $365,998.20. The IRS Allowed Secured Claim will be paid over 60 months from the Petition Date with the required interest of 7% compounded daily. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan. The IRS payment using 48 months from the Plan Confirmation Date is $8,767.64 per month. The payments shall commence on the Effective Date.

The IRS priority claim is $4,881.54 and payments over 48 months with interest is $116.94 per month. The payments shall commence on the Effective Date.

The IRS unsecured claim is $1,028.84 and will be paid in accordance with Class 14.

**Default Provision - IRS**. Notwithstanding any other provision or term of this Plan or Confirmation Order, the following Default Provision shall control as to the United States of America, Internal Revenue Service ("IRS") and all of its claims, including any administrative claim (hereafter, "IRS Claim"):

> (1)     Notwithstanding any other provision in the Plan, if the Debtor(s), the Reorganized Debtor(s), or any successor(s) in interest fails to pay when due any payment required to be made on federal taxes, the IRS Claim, or other payment required to be made to the IRS under the terms and provisions of this Plan, the Confirmation Order, or the Internal Revenue Code (26 U.S.C.), or fails to timely file any required federal tax return, or if any other event of default as set forth in the Plan occurs, the IRS shall be entitled to give the Debtor(s), the Reorganized Debtor(s) and/or any successor(s) in interest and their counsel of record, by United States Certified Mail, written notice of the failure and/or default with demand that it be cured, and if the failure and/or default is not cured within 14 days of said notice and demand, then the following shall apply to the IRS:

(A)  The administrative collection powers and the rights of the IRS shall be reinstated as they existed prior to the filing of the bankruptcy petition, including, but not limited to, the assessment of taxes, the filing of a notice of Federal tax lien, setoff and recoupment, and the powers of levy, seizure, and collection as provided under the Internal Revenue Code;

(B)  The automatic stay of 11 U.S.C. § 362 and any injunction of this Plan or in the Confirmation Order shall, with regard to the IRS only, lift or terminate without further notice or hearing by the Court, and the entire imposed liability owed to the IRS, together with any unpaid current liabilities, may become due and payable immediately; and

(C)  The IRS shall have the right to proceed to collect from the Debtor(s), the Reorganized Debtor(s), or any successor(s) in interest any of the prepetition tax liabilities and related penalties and interest through administrative or judicial collection procedures available under the United States Code as if no bankruptcy petition had been filed and as if no plan had been confirmed.

(2)  If the IRS declares the Debtor(s), the Reorganized Debtor(s), or any successor(s) in interest to be in default of the Debtor's, the Reorganized Debtor's and/or any successor in interest's obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the Debtor(s), Reorganized Debtor(s), and/or any successor(s) in interest.  Failure of the IRS to declare a failure and/or default does not constitute a waiver by the United States or its agency the IRS of the right to declare that the Debtor(s), Reorganized Debtor(s), and/or any successor(s) in interest is in default.

(3)  If full payment is not made within fourteen (14) days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code.  The IRS shall only be required to send two notices of failure and/or default, and upon the third event of a failure and/or default the IRS shall be entitled to proceed as set out in paragraphs (A), (B), and/or (C) herein above without further notice to the Debtor(s), the Reorganized Debtor(s), or any successor(s) in interest, or its counsel.  The collection statute expiration date will be extended from the Petition Date until substantial default under the Plan.

(4)  The Internal Revenue Service shall not be bound by any release provisions in the Plan that would release any liability of the responsible persons of the Debtor(s), the Reorganized Debtor(s), and/or any successor(s) in interest to the IRS.  The Internal Revenue Service may take such actions as it deems necessary to assess any liability that may be due and owing by the responsible persons of the Debtor(s), the

Reorganized Debtor(s) and/or any successor(s) in interest to the Internal Revenue Service.

(5) The term "any payment required to be made on federal taxes," as used herein above, is defined as: any payment or deposit required by the Internal Revenue Code to be made by the Debtor(s) from and after the Confirmation Date, or the Reorganized Debtor(s) and/or any successor(s) in interest from and after the Effective Date, to the date the IRS Claim is together with interest paid in full. The term "any required tax return," as used herein above, is defined as: any tax return or report required by the Internal Revenue Code to be made by the Debtor(s) from and after the Confirmation Date, or the Reorganized Debtor(s) and/or any successor(s) in interest from and after the Effective Date, to the date the IRS Claim is together with interest paid in full.

**Class 4: Allowed Secured Claims of Texas Workforce Commission.** These claims shall be paid under the Plan as follows: The Allowed Claim of the Texas Comptroller, the Texas Workforce Commission and shall be paid in full pursuant to the terms of the Plan with interest. The monthly payments shall match the required amount of the Allowed Claims with interest amortized over 60 months from the Petition Date.

Notwithstanding any term in the Plan or this Order to the contrary, (i) the Texas Comptroller of Public Accounts' (the "Texas Comptroller") and the Texas Workforce Commission's (the "TWC") setoff rights shall be preserved under section 553 of the Bankruptcy Code, (ii) pursuant to section 503(b)(1)(D) of the Bankruptcy Code, neither the Texas Comptroller nor the TWC shall not be required to file an application, motion, or request for payment, or a proof of claim for amounts coming due post-petition, (iii) amounts coming due post-petition shall be reported and paid timely under and in accordance with applicable state law, and (iv) this case shall not affect the Texas Comptroller's or the TWC's rights, if any, to pursue liable non-Debtor third party individuals or entities.

The Texas Comptroller has an Allowed Priority Tax Claim for **sales tax** in the amount of $34,809.56 and an Allowed General Unsecured Claim for sales tax in the amount of $1,813.84. The Texas Comptroller's Allowed Priority Tax Claim for sales tax shall be paid in full with interest at 8.5% accruing from the Effective Date, via monthly installments commencing on the Effective Date and ending within 60 months of the Petition Date.

The Texas Comptroller has an Allowed Priority Tax Claim for **franchise tax** in the amount of $5,109.17. The Allowed Priority Tax Claim for franchise tax shall be paid in full with interest at 8.5% accruing from the Effective Date, via monthly installments commencing on the Effective Date and ending within 60 months of the Petition Date.

The TWC has an Allowed Secured Claim for **unemployment tax** liability in the amount of $33,637.22 which shall be paid in full with interest at 8.5% accruing from the Effective Date, via monthly installments commencing on the Effective Date and ending within 60 months of the Petition Date.

A failure by Debtor to remit a payment to the Texas Comptroller or the TWC pursuant to the Plan or this Order, shall be an Event of Default. Notice of default shall be served upon Debtor's counsel, Joyce Lindauer, via email to joyce@joycelindauer.com with a copy to Debtor via regular mail to North American Sealing Solutions, LLC, 3000 W. Pafford St., Fort Worth, TX 76110. If Debtor fails to cure an Event of Default within seven (7) calendar days after service of written notice of default from the Texas Comptroller or the TWC, then the Texas Comptroller or the TWC may (a) enforce the entire amount of its claim(s); (b) exercise all rights and remedies under applicable nonbankruptcy law; and/or (c) seek such relief as may be appropriate in this Court. Debtors shall be allowed to cure up to three (3) Events of Default. Upon a fourth Event of Default, the Texas Comptroller and the TWC may exercise their rights without further notice or relief from the bankruptcy court.

**Class 5: Allowed Secured Claims of Intech Funding Corp.** These Claims shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 5% per annum, commencing on the Effective Date and continuing until the expiration of 60 months from the Effective Date. These claims are secured to the extent of the value of the collateral securing such claim and otherwise unsecured and treated in Class 14. These Claims are Impaired, and the holder of these Claims is entitled to vote to accept or reject the Plan.

**Class 6: Allowed Secured Claim of U.S. Bank N.A. d/b/a U.S. Bank Equipment Finance ("U.S. Bank").** This Claim shall be allowed in the amount of $207,213.00 and shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 8.25% per annum, commencing on the Effective Date and continuing until the expiration of 60 months from the Effective Date. Should the Debtor fail to timely make a payment hereunder, U.S. Bank shall provide the Debtor a ten (10) day notice of default and opportunity to cure, effective upon mailing to the Debtor and its attorney. The Debtor shall be allowed three notices of default and opportunities to cure. Should the Debtor fail to timely cure after notice of default or should the Debtor default for a fourth time, U.S. Bank is entitled to pursue collection of amounts due and to seek repossession or foreclosure of 1- Okuma LB4000EX-II/1500-M CNC Turning Center with OSP P300LA Control, Okuma Advanced One Touch PC-Version w/ Post for LB4000M Lathe, Royal Accu-Length GQ-100 Pneumatic Collet Wrench & (2) Collets and All Standard Equipment. Serial No. 5A6.248457 (the "Collateral") Collateral under applicable state law and its pre-Petition Date agreements with the Debtor. shall be credited with any net sales proceeds. Any payments that were made by the Debtor to U.S. Bank during the pendency of the Bankruptcy Case shall be credited against the Allowed Claim amount. Nothing in the Plan shall prevent U.S. Bank from pursuing its non-debtor third party claims. These Claims are Impaired, and the holder of these Claims is entitled to vote to accept or reject the Plan.

The Debtor is not assuming its copier lease as part of the Plan.

**Class 7: Allowed Secured Claim of Highland Capital Corporation.** This Claim shall be allowed in the amount of $125,000.00 and shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 5% per annum, commencing on the Effective Date and continuing until the expiration of 60 months from the Effective Date. These Claims are Impaired, and the holder of these Claims is entitled to vote to accept or reject the Plan.

**Class 8: Allowed Secured Claim of First Bank of the Lake.** This Claim shall be allowed in the amount of $125,000.00 and shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 5% per annum, commencing on the Effective Date and continuing until the expiration of 60 months from the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 9: Allowed Secured Claim of Wells Fargo Equipment Finance, Inc.** This Claim shall be allowed in the amount of $116,600.00 and shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 5% per annum, commencing on the Effective Date and continuing until the expiration of 60 months from the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 10: Allowed Secured Claim of BMO Bank N.A.** This Claim shall be satisfied through a sale of the equipment securing this claim. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 11: Allowed Secured Claim of Old National Equipment Finance.** This Claim shall be allowed in the amount of $34,013.02 and shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 5% per annum, commencing on the Effective Date and continuing until the expiration of 60 months from the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 12: Allowed Secured Claim of Financial Services.** This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 5% per annum, commencing on the Effective Date and continuing until the expiration of 60 months from the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 13. Allowed Secured Claim of Toyota Commercial Finance.** This Claim shall be allowed in the amount of $20,458.09 and shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 8% per annum, commencing on the Effective Date and continuing until the expiration of 60 months from the Effective Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 14: Allowed Unsecured Claims.** These Claims shall be satisfied by the a) Debtor's monthly distribution of each Claimant's Pro Rata share of a pool of $5,000.00 per month to be contributed each month by the Debtor for a period of 60 months from the Effective Date. These Claims are Impaired, and the holders of these Claims are entitled to vote to accept or reject the Plan.

**Class 15: Equity Interests:** Equity Interests of the owners of the Debtor shall be retained; however, there will be no distributions or dividends paid on these Interests until Classes 1 – 14 are paid in full under this Plan. These Interests are not Impaired and are not entitled to vote to accept or reject the Plan.

**ARTICLE VI**
**IMPLEMENTATION OF PLAN**

**6.01    Plan Payment Source.** The Debtor intends to make all payments required under the Plan from the net profits earned from the operation of its business. Further details regarding the implementation of the Plan and projections of the Debtor's income, expenses and Plan payments are provided in the Debtor's Disclosure Statement accompanying this Plan.

**ARTICLE VII**
**TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**7.01    General Rejection of Executory Contracts and Unexpired Leases.** Except for executory contracts and unexpired leases that have been assumed before the Effective Date or under this section of this Plan, or that are the subject of a pending motion to assume, or that were entered after the Petition Date, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

The Debtor hereby ASSUMES the following executory contracts as described in Schedule G:

Water machine lease: Pure Water Partners, 123 S. 3rd St., #28, Sandpoint, ID 83864.

Printer lease: SOS Texas, 13960 Trinity Blvd., Euless TX 76040.

**7.02    Reservation of Rights**. The Debtor shall have the right to assume or reject, pursuant to Bankruptcy Code Section 365, prior to the Confirmation Date, any executory contract or unexpired lease of real property (to the extent permitted under the Bankruptcy Code).

**7.03    Bar Date for Claims Based on Rejection**.  If the rejection of an executory contract or an unexpired lease results in damages to the other party or parties to such contract or lease, a Claim for such damages shall be forever barred and shall not be enforceable against the Plan Proponent or their properties or agents, successors, or assigns, unless a proof of Claim is filed with the Bankruptcy Court and served upon the  Reorganized Debtor, by the earlier of (a) the end of the month following the period in which the Effective Date occurs or (b) such other deadline as the Court may set for asserting a Claim for such damages. Any Rejection Claim arising from the rejection of an unexpired lease or executory contract shall be treated as a General Unsecured Claim; *provided, however*, that any Rejection Claim based upon the rejection of an unexpired lease of real property either prior to the Confirmation Date or upon the entry of the Confirmation Order shall be limited in accordance with section 502(b)(6) of the Bankruptcy Code and state law mitigation requirements. Nothing contained herein shall be deemed an admission that such rejection gives rise to or results in a Claim or shall be deemed a waiver of any objections to such Claim if asserted.

**ARTICLE VIII**
**ENFORCEMENT, SETTLEMENT, OR ADJUSTMENT OF CLAIMS**

**8.01    Objections to Claims.**  Any party authorized by the Bankruptcy Code may object to the allowance of Pre-Petition Date Claims at any time prior to sixty (60) days after the Effective Date and, as to Rejection Claims, at any time prior to sixty (60) days after the filing of any such Rejection Claim. Any proof of Claim filed after the Court sets bar dates shall be of no force and effect and shall be deemed disallowed.  All Contested Claims shall be litigated to Final Order; *provided, however,* that the Debtor or Reorganized Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court.  Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty (30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

**8.02    Distributions under the Plan.** No distributions under this Plan shall be made to the holder of a Claim that is in dispute, unless and until such Claim becomes an Allowed Claim. If a Claim is Disputed in whole or in part because the Debtor or Reorganized Debtor asserts a right of offset against such Claim or recoupment against the holder of such Claim, then, if and to the extent the Claim giving rise to the offset or recoupment is sustained by Final Order, the Claim in dispute shall be reduced or eliminated and, if applicable, the holder of such Claim shall be required to pay the amount of such offset or recoupment, less the amount of its Allowed Claim.  In addition, any party authorized by the Bankruptcy Code, at any time, may request that the Court estimate any contingent, disputed or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code, regardless of any prior objections.

**8.03    Reservation of Claims and Causes of Action**

Any and all claims, causes of action, cross claims, or counterclaims held or assertable by the Debtor, including but not limited to: (i) any claim or cause of action under a policy of liability insurance or otherwise; (ii) the Avoidance Actions; and (iii) any and all claims, causes of action, counterclaims, demands, controversies, against third parties on account of costs, debts, sums of money, accounts, reckonings, bonds, bills, damages, obligations, liabilities, objections, and executions of any nature, type, or description which the Debtor have or may come to have, including, but not limited to, negligence, gross negligence, usury, fraud, deceit, misrepresentation, conspiracy, unconscionability, duress, economic duress, defamation, control, interference with contractual and business relationships, conflicts of interest, misuse of insider information, concealment, disclosure, secrecy, misuse of collateral, wrongful release of collateral, failure to inspect, environmental due diligence, negligent loan processing and administration, wrongful setoff, violations of statutes and regulations of governmental entities, instrumentalities and agencies (both civil and criminal), racketeering activities, securities and antitrust violations, tying arrangements, deceptive trade practices, breach or abuse of fiduciary duty, breach of any alleged special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good faith, whether or not in connection with or related to this Plan, at law or in equity, in contract or in tort, or otherwise, known or unknown, suspected or unsuspected, are hereby preserved and retained for enforcement by the Debtor as of the Confirmation Date. It is the intent of the Debtor that this reservation of claims shall be as broad as permitted by applicable law and shall include all claims, whether or not disclosed in the Debtor' Schedules and Statements.

**ARTICLE IX**
**EFFECT OF CONFIRMATION**

**9.01** **Discharge and Release of Debtor**. Pursuant to Bankruptcy Code Section 1141(d), confirmation of this Plan does discharge the Debtor.

**9.02** **Legal Binding Effect**. The provisions of this Plan, pursuant to the Bankruptcy Code Section 1141 shall bind the Debtor and all Creditors, whether or not they accept this Plan. The distributions provided for Claimants shall not be subject to any Claim by another creditor or interest holder by reason of any assertion of a contractual right of subordination.

**9.03** **Discharge**. Confirmation of the Plan shall result in the inability to commence or continue any judicial, administrative, or other action or proceeding on account of any Pre-Petition Date Claims against the Debtor or Reorganized Debtor.

Except as provided in the Plan, from and after the Confirmation Date, all holders of Claims against the Debtor are restrained and enjoined by the Confirmation of the Plan: (a) from commencing or continuing in any manner, any action or other proceeding of any kind with respect to any such Claim against the Debtor or Reorganized Debtor, or its property; (b) from enforcing, attaching, collecting, or recovering by any manner or means, any judgment, award, decree, or order against the Assets or the Debtor or Reorganized Debtor on account of such Claims; (c) from creating, perfecting, or enforcing any encumbrance of any kind against the Assets, or the Debtor or Reorganized Debtor on account of such Claims; (d) from asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Debtor or Reorganized Debtor on account of such Claims; and (e) from performing any act, in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan on account of such Claims; provided, however, that each holder of a Contested Claim may continue to prosecute its proof of Claim in the Bankruptcy Court and all holders of Claims shall be entitled to enforce its rights under the Plan and any agreements executed or delivered pursuant to or in connection with the Plan.

**9.04** **Satisfaction of Claims and Interests**

Except as otherwise provided by the Plan, the consideration distributed under the Plan shall be in complete satisfaction of all Claims of any Creditor against the Debtor, including Claims arising prior to the Effective Date.

**9.05** **Temporary Injunction**

Except as otherwise expressly provided in, or permitted under, this Plan, the Confirmation Order shall provide, among other things, that all Creditors and persons who have held, hold, or may hold Claims or Interests against the Debtor, are enjoined on and after the Effective Date as long as the Plan is not in default and has not been completed against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor or any third-party guarantor of any Claims against the Debtor; (ii) enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or any third-party guarantor or any assets or property of same; or (iii) creation,

perfection, or enforcement of any encumbrance of any kind against the Debtor or any third-party guarantor arising from a Claim. Such injunction expires at the end of the Plan term at which time all Allowed Claims will have been paid in accordance with the terms of the Plan.

## ARTICLE X
## MISCELLANEOUS PROVISIONS

**10.01** **Request for Relief Under Bankruptcy Code Section 1129**. In the event any Impaired Class shall fail to accept this Plan in accordance with Bankruptcy Code Section 1129(a), the Plan Proponent reserves the right to, and does hereby request the Bankruptcy Court to confirm the Plan in accordance with Bankruptcy Code Section 1129(b).

**10.02** **Revocation**. The Plan Proponent reserves the right to revoke and withdraw this Plan at any time prior to the Confirmation Date.

**10.03** **Effect of Withdrawal or Revocation**. If the Debtor revokes or withdraws this Plan prior to the Confirmation Date, or if the Confirmation Date or the Effective Date does not occur, then this Plan shall be deemed null and void. In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claims by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any person in any further proceedings involving the Debtor.

**10.04** **Due Authorization by Creditors**. Each and every Claimant who elects to participate in the distributions provided herein warrants that it is authorized to accept in consideration of its Claim against the Debtor the distributions provided in the Plan and that there are no outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by it under this Plan.

**10.05** **Entire Agreement**. This Plan, as described herein, the Confirmation Order, and all other documents and instruments to effectuate this Plan provided for herein, constitute the entire agreement and understanding among the parties hereto relating to the subject matter hereof and supersedes all prior discussions and documents.

**10.06** **Section 1146 Exemption.** Pursuant to Section 1146 of the Bankruptcy Code, the issuance, transfer or exchange or any security under this Plan or the making or delivery of any instrument or transfer pursuant to, in implementation of or as contemplated by this Plan or the transfer of any property pursuant to this Plan shall not be taxed under any federal, state or local law imposing a stamp, transfer or similar tax or fee.

**10.07** **Provisions Governing Distributions.** All payments and distributions under the Plan shall be made by the Reorganized Debtor as indicated. Any payments or distributions to be made by the Plan Proponent pursuant to the Plan shall be made as soon as reasonably practicable after the Effective Date, except as otherwise provided for in the Plan, or as may be ordered by the Bankruptcy Court. Any payment or distribution by the Reorganized Debtor pursuant to the Plan, to the extent delivered by the United States Mail, shall be deemed made when deposited into the United States Mail.

Payments of Cash to be made by the Reorganized Debtor pursuant to the Plan shall be made by check drawn on a domestic bank or by wire transfer from a domestic bank.

Distributions and deliveries to holders of Allowed Claims shall be made at the addresses set forth on the proofs of Claim or proofs of interest filed by such holders (or at the last known addresses of such holders if no proof of Claim or proof of interest is filed). All Claims for undeliverable distributions shall be made on or before the second anniversary of the Effective Date. After such date, all unclaimed property shall remain the property of the Reorganized Debtor and the Claim of any other holder with respect to such unclaimed property shall be discharged and forever barred.

Checks issued by the Reorganized Debtor in respect of Allowed Claims shall be null and void if not cashed within ninety (90) days of the date of delivery thereof. Requests for reissuance of any check shall be made directly to the Plan Proponent by the holder of the Allowed Claim to whom such check originally was issued. Any claim in respect of such a voided check within ninety (90) days after the date of delivery of such check. After such date, all Claims in respect of void checks shall be discharged and forever barred, and the amount of such checks shall become Unclaimed Property and returned to the Reorganized Debtor.

No interest shall be paid on any Claim unless, and only to the extent that, the Plan specifically provides otherwise.

**10.08** **Governing Law.** Unless a rule of law or procedure supplied by federal law (including the Bankruptcy Code and Bankruptcy Rules) is applicable, or a specific choice of law provision is provided, the internal laws of the State of Texas shall govern the construction and implementation of the Plan and any agreements, documents, and instruments executed in connection with the Plan, without regard to conflicts of law.

**10.09** **Notices to Debtor.** Any notices required to be given to the Debtor under this Plan shall be mailed by certified mail to the Debtor at 3000 W. Pafford St., Fort Worth, TX 76110, and to Debtor's counsel, Joyce Lindauer, at 117 S. Dallas St., Ennis, TX 75119 and by email at joyce@joycelindauer.com.

## ARTICLE XI
## MODIFICATION OF THE PLAN

**11.01** The Debtor may propose amendments to or modifications of this Plan at any time prior to Confirmation, upon notice to all parties-in-interest. After Confirmation, the Reorganized Debtor may, with approval of the Court and so long as it does not materially or adversely affect the interest of creditors, modify to remedy any defect or omission or reconcile any inconsistencies in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of this Plan.

**ARTICLE XII**
**RETENTION OF JURISDICTION**

Notwithstanding confirmation of the Plan or the Effective Date having occurred, the Court will retain jurisdiction for the following purposes:

**12.01** **Allowance of Claims**. To hear and determine the allowability of all Claims upon objections to such Claims.

**12.02** **Executory Contracts and Unexpired Leases Proceedings**. To act with respect to proceedings regarding the assumption of any executory contract or unexpired lease of the Debtor pursuant to Section 365 and 1123 of the Code and Article VII of the Plan.

**12.03** **Plan Interpretation**. To resolve controversies and disputes regarding the interpretation of the Plan.

**12.04** **Plan Implementation**. To implement and enforce the provisions of the Plan and enter orders in aid of confirmation and implementation of the Plan.

**12.05** **Plan Modification**. To modify the Plan pursuant to Section 1127 of the Code and applicable Bankruptcy Rules.

**12.06** **Adjudication of Controversies**. To adjudicate such contested matters and adversary proceedings as may be pending or subsequently initiated in the Court against the Debtor.

**12.07** **Injunctive Relief**. To issue any injunction or other relief as appropriate to implement the intent of the Plan, and to enter such further orders enforcing any injunctions or other relief issued under the Plan or in the Confirmation Order.

**12.08** **Interpleader Action**. To entertain interpleader actions concerning assets to be distributed or other assets of the Estate.

**12.09** **Correct Minor Defects**. To correct any defect, cure any omission or reconcile any inconsistency or ambiguity in the Plan, the Confirmation Order or any document executed or to be executed in connection therewith, as may be necessary to carry out the purposes and intent of the Plan, provided that the rights of any holder or an Allowed Claim are not materially and adversely affected thereby.

**12.10** **Authorization of Fees and Expenses**. To review and authorize payment of professional fees incurred prior to the Effective Date.

**12.11** **Post-Confirmation Orders Regarding Confirmation**. To enter and implement such orders as may be appropriate in the event the Confirmation Order is, for any reason, stayed, reversed, revoked, modified, or vacated.

**12.12     Final Decree**.  To enter a final decree closing the Case pursuant to Bankruptcy Rule 3022.

Dated: March 16, 2026.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
ATTORNEYS FOR DEBTOR


*/s/ Thomas Oswald*
Thomas Oswald, in his capacity as
President of the Debtor