

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 17, 2026**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **NORTH AMERICAN** | § | **CASE NO. 25-41374-elm** |
| **SEALING SOLUTIONS, LLC,** | § | **Chapter 11** |
| | § | |
| **Debtor.** | § | |

### ORDER CONFIRMING DEBTOR'S SECOND AMENDED PLAN OF
### <u>REORGANIZATION</u>

CAME ON FOR CONSIDERATION BY THE COURT the *Debtor's Second Amended*

*Plan of Reorganization* [Docket No. 116 (the "Plan"), filed by North American Sealing Solutions,

LLC (the "Debtor"), Debtor in the above-styled and numbered case, and the Court having

considered the evidence presented and the arguments of counsel and for the reasons set forth on

the record confirms the Plan. The Plan is approved for the reasons stated on the record. It is

accordingly,

**ORDERED, ADJUDGED AND DECREED** that the Plan complies with section 1129 of the Bankruptcy Code, 11 U.S.C. Section 1129, including the following:

a. <u>Section 1129(a)(1)</u>. The Plan complies with the applicable provisions of Title 11.

b. <u>Section 1129(a)(2)</u>. The proponent of the Plan has complied with the applicable provisions of Title 11.

c. <u>Section 1129(a)(3)</u>. The Plan has been proposed in good faith and not by any means forbidden by law.

d. <u>Section 1129(a)(4)</u>. Any payments for services or for costs and expenses in connection with the case, or in connection with the Plan and incident to the case, have been approved by, or are subject to the approval of, this Court as reasonable.

e. <u>Section 1129(a)(5)</u>. The proponent of the Plan has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as an affiliate or successor of the Debtor, the continuation in such employment is in the best interest of the creditors and public policy, and the nature of any compensation for such insider.

f. <u>Section 1129(a)(6)</u>. This provision is not applicable.

g. <u>Section 1129(a)(7)</u>. With respect to each Class of impaired Claims or Interests, each holder of a Claim included in such Class (i) has accepted the Plan, or (ii) will receive or retain on account of such Claim property of value, as of the Effective Date of the Plan, that is not less than the amount such holder would receive or retain if the Debtor were liquidated under Chapter 7 of Title 11 on such date.

h. <u>Section 1129(a)(8)</u>. The impaired class of unsecured creditors has voted for the Plan.

i. <u>Section 1129(a)(9)</u>. The Plan provisions include the following:

1. Holders of Allowed Administrative Claims will be paid in full.

2. Holders of Allowed Priority Claims will be paid pursuant to Section 1129.

j. Section 1129(a)(10). At least one Class of impaired Claims has voted to accept the Plan, determined without the acceptance of any insider.

k. Section 1129(a)(11). The Plan is feasible. Confirmation of the Plan is not likely to be followed by the liquidation of, or need for further financial reorganization of, the Debtor. The Debtor has shown it has sufficient cash flow to make the payments called for by the Plan.

l. Section 1129(a)(12). All fees under 28 U.S.C. § 1930 have been paid or will be paid on the Effective Date.

m. Section 1129(a)(13). This subsection does not apply to the Debtor.

n. Section 1129(a)(14). This subsection does not apply to the Debtor.

o. Section 1129(a)(15). This subsection does not apply to the Debtor since no unsecured creditors objected to confirmation of the Plan.

p. Section 1129(a)(16). This subsection does not apply to the Debtor; it is accordingly,.

**ORDERED, ADJUDED AND DECREED** that any secured creditor that did not object to the Plan or vote on the Plan will be treated pursuant to the terms of the Plan, including the proposed repayment terms and interest rate in Article V of the Plan, Class 5, Class 7, Class 9, Class 10, Class 11 and Class 12 unless such creditor files an objection with the Court during the 14 days following the entry of this Order by the Court, in which case the rate of interest paid to such creditor or creditors under the Plan shall be modified to the prime rate of interest as published by the Wall Street Journal; it is further

**ORDERED, ADJUDED AND DECREED** that any creditor that did not object to the Plan or vote on the Plan will be bound by the provisions in Section 9.05 of the Plan unless such creditor files an objection to Section 9.05 with the Court during the 14 days following the entry of this

Order by the Court and "for cause" shown requests to be excluded from the provisions of Section 9.05 of the Plan and sets a hearing on the objection. Section 9.05 of the Plan is as follows:

9.05 Temporary Injunction

Except as otherwise expressly provided in, or permitted under, this Plan, the Confirmation Order shall provide, among other things, that all Creditors and persons who have held, hold, or may hold Claims or Interests against the Debtor, are enjoined on and after the Effective Date as long as the Plan is not in default and has not been completed against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor or any third-party guarantor of any Claims against the Debtor; (ii) enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or any third-party guarantor or any assets or property of same; or (iii) creation, perfection, or enforcement of any encumbrance of any kind against the Debtor or any third-party guarantor arising from a Claim. Such injunction expires at the end of the Plan term at which time all Allowed Claims will have been paid in accordance with the terms of the Plan.

and it is further

**ORDERED, ADJUDGED AND DECREED** that the Plan, as further modified herein, is hereby confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Debtor shall pay the United States Trustee quarterly fees until the Clerk of the Court closes the case and shall file quarterly reports with the United States Trustee in the form required by the Office of the United States Trustee until the case is closed.

# # # END OF ORDER # # #

Submitted by:
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
117 S. Dallas Street
Ennis, Texas 75119
Attorneys for Debtor